IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CATHERINE EALY-SIMON** and **KRISTIN WILSON**, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**CHANGE HEALTHCARE TECHNOLOGY ENABLED SERVICES, LLC,**<br><br>Defendant. | Case No. 3:20-cv-00521<br><br>District Judge Eli J. Richardson<br>Magistrate Judge Jeffrey S. Frensley |

# ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

WHEREAS, the Parties reached a settlement of the above-captioned matter that was preliminarily approved by this Court;

WHEREAS, the parties have complied with the Court's preliminary approval Order, including sending settlement notice according to the approved notice plan, and the period for objections and opt-outs has closed (ECF No. 56); and

WHEREAS, this Court conducted a final approval hearing on May 12, 2022, attended by counsel for the parties and where no objectors appeared, in which the Court specifically reviewed all aspects of the settlement for fairness, reasonableness, and adequacy and where the Court was otherwise fully advised of the facts and circumstances of the proposed settlement;

**WHEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1

1. This Court has jurisdiction over the subject matter of this action and all parties to this Litigation, including all members of the settlement class and all who joined the Fair Labor Standards Act (FLSA) collective action by filing signed consent-to-join forms with the Court.

2. Pursuant to the standards for approval of a class settlement under Rule 23(e)(2), the Court has examined and finds good grounds to approve the parties' class-action settlement as fair, reasonable, and adequate, the key terms of which are summarized below:

3. For purposes of settlement only, the parties have agreed to certification of the following class under Rule 23(b)(3):

> All current and former hourly PSRs who were directly employed by Defendant at its call center facilities in the United States at any time from June 22, 2017 through October 29, 2021 (the "Class Period"). "PSR" means individuals who were directly employed by Defendant during the Class Period as Patient Service Representatives and similar job titles that interacted directly with patients and health plan members. "PSR" does not include individuals who worked as PSRs only as temporary contract workers employed by third party staffing agencies.

4. The Class also includes those class members who opted into the collective action under the Fair Labor Standards Act (FLSA), which the Court conditionally certified in part in its Order of January 22, 2021. (ECF No. 36.) The collective action is defined as "[a]ll similarly situated current and former Patient Service Representatives and similar job titles who work or have worked for [Defendant] at any of its call center facilities at any time during the three years preceding the filing of the Complaint through" the Court-determined opt-in period. (*Id.* at 7.)

5. Under the settlement, Defendant Change Healthcare Technology Enabled Services, LLC agreed to make a gross settlement payment of $2,500,000, and Class Members who do not timely request exclusion will release and waive their claims against Defendant and the Released Parties from:

> [A]ny and all claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, that were

or could have been brought in the Litigation or that are based on or reasonably related to claims for unpaid wages, including, but not limited to, the following claims: individual and class/collective claims for unpaid wages (including but not limited to claims for regular wages, overtime, regular rate calculations, and gap time) and other damages and penalties, interest, attorneys' fees or costs, through the Class Period, arising from each Settlement Class Member's work for or employment with Defendant, including claims arising under the FLSA, or under applicable individual state wage laws, and under state law common law, tort, or other law, such as claims for breach of contract and unjust enrichment.

6. In consideration, each Class Member will receive a settlement check, affixed with the following endorsement:

> I knowingly and voluntarily release, waive, and discharge Change Technology Enabled Services, LLC ("Change"), including its predecessors and successors and its past, present, and future parents, subsidiaries, owners, officers, directors, employees, agents, insurers, and attorneys, and all Change Healthcare, Inc. direct and indirect subsidiaries, from any and all known and unknown claims for wages and compensation through October 29, 2021 under the FLSA, or any applicable state or local laws (including statutory and common law claims for breach of contract, unjust enrichment, or other common law claims relating to wages) arising from my employment with Change.

7. From the $2,500,000 gross settlement fund, the parties agreed that the settlement will be distributed as follows:

- $1,593,666.67 to the 3,492 class and collective action members;

- Attorneys' fees in an amount not to exceed $833,333.33 and litigation costs in an amount not to exceed $15,000 to Class Counsel (any unapproved amounts will be paid to the class members);

- Service Awards in a cumulative amount of $20,000 ($7,500 each to the two Named Plaintiffs and Class Representatives, and $2,500 each to opt-ins Veronda Delancy and Patrice Johnson); and

- Settlement administration fees and costs in an amount not to exceed $38,000 to the Settlement Administrator.

8. Payments to the Class Members will be allocated according to the following formula:

- The Settlement Administrator will compute the number of workweeks recorded by the Participating Class Member.

- For every week in which the Participating Class Member worked in excess of forty (40) hours, the Settlement Administrator will increase the Participating Class Member's workweeks by a quarter (0.25) week.

- Next, if the Participating Class Member worked for Defendant in California during the Class Period, the Settlement Administrator will multiply the Participating Class Member's workweeks (adjusted as above) by 3.0.

- If the Participating Class Member worked for Defendant in Illinois, Massachusetts, New Jersey, or South Carolina during the Class Period, the Settlement Administrator will multiply the Participating Class Member's workweeks (adjusted as above) by 1.5.

- The Settlement Administrator then will adjust the Participating Class Member's workweeks (up or down) by a factor that is equal to the ratio of the Participating Class Member's most recent hourly base rate of pay during the Class Period as compared to the average most recent hourly base rate of pay of all Participating Class Members during the Class Period.

- The Settlement Administrator then will divide the Participating Class Member's workweeks (adjusted as above where applicable) by the total workweeks for all Participating Class Members (also adjusted as above where applicable).

- The ratio yielded by these calculations will be multiplied by the Net Settlement Amount to yield the Participating Class Member's settlement payment.

9. In addition to the $2,500,000 gross settlement fund, Defendant will pay any employer payroll taxes required by applicable law.

10. Class Members will have 90 days to cash their Individual Settlement Payment check.

11. Each Individual Settlement Payment will be allocated as follows: 50% to "wages" and 50% to "interest and penalties."

12. Uncashed check proceeds will be returned to the Defendant.

13. Members of the Class who have requested exclusion from the Settlement by properly submitting an Opt-Out Form by the date set by the Court will not release their claims and will not obtain any monetary or other benefits of the Settlement.

14. The Court finds that, considering all facts and circumstances, the parties' settlement is fair, reasonable, and adequate given the totality of the circumstances facing Plaintiff and the Class. The benefits of settlement are great in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigors of prolonged litigation. This Circuit endorses the "federal policy favoring settlement of class actions." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007); *see Salinas v. U.S. Xpress Enters., Inc.*, 2018 WL 1477127, at *2 (E.D. Tenn. 2018) (in class actions, the "compromise of complex litigation is encouraged by the courts and favored by public policy"); *Vassale v. Midland Funding, LLC*, 2014 WL 5162380, *6 (N.D. Ohio 2014) ("It is axiomatic that the settlement of class-action litigation is favored" because "[b]y their very nature, because of the uncertainties of outcome, difficulties of proof, length of litigation, class action suits lend themselves readily to compromise").

15. Rule 23(e)(2) prescribes four specific factors for evaluating whether a class action settlement is "fair, reasonable, and adequate":

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
  (i) the costs, risks, and delay of trial and appeal;
  (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
  (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
  (iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). In 2018, Rule 23(e)(2) was amended to formalize these factors and replace the "sheer number of factors" that had developed under the case law and to return lower courts' focus to "a shorter list of core concerns." *See* Fed. R. Civ. P. 23, Advisory Committee Note (2018). Although this Circuit had developed its own set of factors prior to the 2018 amendments, *see infra*, the Court first examines the Rule 23(e)(2) factors before turning to this Circuit's factors.

16. The Court first finds that the Named Plaintiffs and Class Counsel "have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). The requirements of Rule 23(a)(4) and Rule 23(g) are met here because the Named Plaintiffs and Class Counsel have adequately represented the class's interests, (*see* ECF 56), and there are no conflicts of interest between the Named Plaintiffs and the class members or within the class itself that undermine adequacy. Moreover, Class Counsel are qualified and experienced in wage-and-hour class and collective cases and are able to pursue the class's interests. In addition, the Parties have exchanged voluminous discovery and electronically stored information as well as other relevant evidence, and their valuation of the settlement is based upon this information. While they have not engaged in extensive formal discovery, they have exchanged substantial information informally. As such, they have a thorough understanding and appreciation of the strengths and weaknesses of their respective cases, and they had more-than-sufficient information to make an informed decision about this settlement. Thus, their settlement was the result of adequate representation. *See Redington v. Goodyear Tire & Rubber Co.*, 2008 WL 3981461, *14 (N.D. Ohio 2008) (approving class settlement without formal discovery where there was "more than an adequate basis and evidentiary record" on which to assess the settlement).

6

17. Next, the Court finds that the Parties' settlement "was negotiated at arms' length." Fed. R. Civ. P. 23(e)(2)(B). This class- and collective-action settlement was reached after prolonged arms-length negotiations by experienced counsel on both sides. The terms of this settlement as outlined above and as set forth in greater detail in their Settlement Agreement represent, in this Court's opinion, a fair, reasonable, and adequate compromise of the parties' dispute achieved by experienced counsel for Plaintiffs and Defendant. In this Circuit, "the courts respect the integrity of counsel and presume the absence of fraud and collusion in negotiating the settlement, unless evidence to the contrary is offered." *Stanley v. Turner Oil & Gas Props., Inc.*, 2018 WL 2928028, at *5 (S.D. Ohio 2018). Further, after the Parties had a sufficient basis for evaluating this case, they retained a third-party neutral, Michael L. Russell, Esq., in Nashville, Tennessee, who has considerable experience in mediating nationwide wage-and-hour class and collective action cases. Mr. Russell mediated the parties' dispute formally for a full day on June 29, 2021, and then continued to mediate between the Parties intermittently until they reached agreement several weeks later. "[T]here appears to be no better evidence of [a truly adversarial process] than the presence of a neutral third party mediator." 4 William B. Rubenstein, NEWBERG ON CLASS ACTIONS § 13:50 (5th ed. 2014 & Supp. 2021).

18. The Court also finds that the "relief provided for the class is adequate taking into account … the costs, risks, and delay of trial and appeal … the effectiveness of [the] proposed method of distributing relief to the class … the terms of [the] proposed award of attorney's fees" and the absence of "any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C)(i)–(iv). Here, the legal and factual complexity of the Parties' claims and defenses, as well as the risks of protracted and expensive litigation, including trial and appeal, together show that the class relief meets the adequacy-of-relief requirement. Moreover, Class Counsel state that,

7

in their professional judgment and in light of their substantial experience representing other plaintiffs in similar cases, the relief the class will receive here meets Rule 23(e)(2)'s adequacy requirement. Thus, both sides face significant risks and costs moving forward and therefore have a strong interest in avoiding the uncertainty and delay of further litigation. Also, the notice, which was the best practicable under the circumstances and was reasonably calculated to reach substantially all class members, and the notice plan satisfied the requirements of due process and of Rule 23(c)(2)(B) and 23(e)(1)(B). Importantly, after notice was sent, only 19 out of 3,511 class members asked to be excluded from this settlement, and no class members have objected to the settlement. Likewise, the method of distributing settlement proceeds to class members (e.g., class members need not submit a claim form) will get as much of the settlement to class members as possible in as efficient a way as possible. The proposed award and timing of attorneys' fees are also reasonable under the circumstances, *see infra*, and there are no side agreements that must be identified. Given these facts, the overall picture is one of adequate relief for the class.

19. Last, the Court finds that the settlement "proposal treats class members equitably relative to one another." Fed. R. Civ. P. 23(e)(2)(D). As the Parties' settlement and the evidentiary record show, the compensation to be paid to the Named Plaintiffs and the class members will be determined equitably relative to one another because each will be paid in accordance with an agreed-upon formula that fairly distributes the settlement proceeds among class members. In other words, each share of the settlement is calculated individually and on a pro rata basis for each class member and as such is properly apportioned among class members based on objective criteria. The Court also finds that, while only the Named Plaintiffs and two Opt-In Plaintiffs will receive service payments, these payments are appropriate because of their additional work and risk undertaken in representing the class and prosecuting this case.

8

20. In sum, the Court finds that the Parties' proposed settlement meets Rule 23(e)(2)'s requirements. For the same reasons discussed above and at the fairness hearing, the Court finds that the Parties' proposed settlement also satisfies this Circuit's so-called *UAW* factors for approving a class-action settlement. *See UAW*, 497 F.3d at 631 (when deciding whether to approve a class action settlement, courts consider: (i) the risk of fraud or collusion; (ii) the complexity, expense and likely duration of the litigation; (iii) the amount of discovery engaged in by the parties, (iv) the likelihood of success on the merits; (v) the opinions of class counsel and class representatives; (vi) the reaction of absent class members; and (vii) the public interest).

21. With regard to the Parties' settlement under the FLSA, for the same reasons discussed above and at the fairness hearing, the Court finds that the proposed settlement of these claims is also a "fair and reasonable compromise" and that the Parties plainly have a "bona fide dispute" about the class's claims and Defendant's liability here. *Athan v. U.S. Steel Corp.*, 523 F. Supp. 3d 960, 964-65 (E.D. Mich. 2021) (to approve a settlement of FLSA claims, a court "'must determine that the parties were engaged in a bona fide dispute and that the settlement is a fair and reasonable compromise of the issues presented'" (citation omitted)); *see also id.* at 965 ("to determine whether a proposed FLSA settlement is fair and reasonable, courts consider, as applicable" the *UAW* factors, *see supra*, considered in approving class-action settlements).

22. For the above reasons, the Court finds that final approval of the Parties' settlement, pursuant to Rule 23(c) and (e) and § 216(b) of the FLSA, as agreed to by the Parties, is proper.

23. The Court also finds, based on the settlement administrator's declaration filed in this matter and the representations of all counsel at the final approval hearing, that the plan for Class Notice was completed and satisfies the requirements of due process and Rule 23(c)(2)(B).

Therefore, this Order and the entry of final judgment, as well as the parties' settlement terms, including the release of claims, shall have binding effect on all class members and FLSA opt-ins.

24. Pursuant to Rule 23(c)(3) and Rule 23(e)(2), the Court hereby approves the Clerk's entering final judgment and certifies for settlement purposes only the following Rule 23(b)(3) class:

> All current and former hourly PSRs who were directly employed by Defendant at its call center facilities in the United States at any time from June 22, 2017, through October 29, 2021 (the Class Period). "PSR" means individuals who were directly employed by Defendant during the Class Period as Patient Service Representatives and similar job titles that interacted directly with patients and health plan members. "PSR" does not include individuals who worked as PSRs only as temporary contract workers employed by third party staffing agencies.

25. Turning to other settlement matters, the Court confirms its appointment of the Named Plaintiffs Catherine Ealy-Simon and Kristin Wilson as Representatives of the Rule 23 class and finds that they meet the requirements of Rule 23(a)(4).

26. As noted above, the Court finds fair and reasonable and approves payment of Class Representative Service Awards of $7,500 each to Named Plaintiffs Catherine Ealy-Simon and Kristin Wilson and of $2,500 each to opt-ins Veronda Delancy and Patrice Johnson.

27. Pursuant to Rule 23(g), the Court further confirms its appointment of Plaintiffs' Counsel, Sommers Schwartz, P.C., as Class Counsel and, for the reasons discussed above, finds that they have fairly and adequately represented the interests of the Class and hereby directs them to continue in their capacity if any further action is required in this case.

28. For the reasons set forth on the record at the Final Fairness Hearing, which are incorporated herein, the Court approves an award of attorneys' fees to Class Counsel in the amount of $833,333.33, and finds that these fees are fair and reasonable under the circumstances, were

incurred on behalf of the class, are appropriate pursuant to Rule 23(h), and are based on the common fund that was created for the benefit of the class and will be shared by the class members.

29. For the reasons set forth on the record at the Final Fairness Hearing, which are incorporated herein, the Court approves reimbursement of litigation expenses to Class Counsel in an amount not to exceed $15,000, and finds that these costs are fair and reasonable under the circumstances, were incurred on behalf of the class, are appropriate pursuant to Rule 23(h), and are based on the common fund that was created for the benefit the class and will be shared by the class members.

30. For the reasons set forth on the record at the Final Fairness Hearing, which are incorporated herein, the Court approves payment of settlement-administration fees and costs to the settlement administrator in an amount not to exceed $38,000.

31. As stated above, any unspent litigation expenses or settlement administrator fees will be paid to the Class Members.

32. The Court also finds that Defendant has timely complied with all notice requirements of the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715(b), and more than 90 days have passed since that notice was sent. As such, the Court may grant final approval of this settlement under CAFA. *See id.* § 1715(d).

33. THEREFORE, the Court GRANTS the parties' Joint Motion for Final Approval (ECF No. 64) and GRANTS Class Counsel's Motion for Award of Attorneys' Fees and Expenses (ECF No. 58). The Court hereby and finally APPROVES this class action settlement, the collective-action settlement, the agreed-upon awards of Class Counsel's attorneys' fees and costs, the service awards to the Named Plaintiffs and the two opt-ins, and the fees and costs of settlement administration. Having approved the Parties' proposed settlement, the Parties shall comply with

all of their obligations under the Settlement Agreement. The Court DISMISSES WITH PREJUDICE this action and all claims of Plaintiffs and the class and the collective, pursuant to the parties' Settlement Agreement, and DIRECTS the Clerk to enter final judgment in this action. Without affecting the finality of this judgment in any way, the Court retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the settlement.

IT IS SO ORDERED.

Dated: May 16th, 2022

*Eli Richardson*

Hon. Eli J. Richardson, U.S. District Court Judge